at Supreme Court, Gilbert, J. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.

■ NIAGARA RECYCLING, INC., Appellant, v SEVENSON ENVIRONMENTAL SERVICES, INC., Formerly Known as SEVENSON CONSTRUCTION CO., INC., Also Known as SEVENSON CONSTRUCTION CORP., INC., Respondent. [695 NYS2d 652] —Judgment and order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action for breach of a contract in 1997 based upon defendant's alleged failure to replace 27,000 cubic feet of clay "on or before July 15, 1988". Supreme Court properly dismissed the action as time-barred (see, CPLR 213 [2]). Plaintiff's reliance upon CPLR 206 (a) (2) is misplaced. That section is not applicable because the time for performance was fixed by contract; nor does plaintiff contend that any subsequent action by defendant extended or reaffirmed defendant's contractual obligation. (Appeal from Judgment and Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.

■ EVANGELINA RODRIGUEZ et al., Individually and as Administrators of the Estate of JEANNETTE SANTIAGO, Deceased, Respondents, v MARCOS R. RODRIGUEZ, Appellant. (Appeal No. 2.) [696 NYS2d 924] —Appeal unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Set Aside Verdict.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.

■ WILTSIE CONSTRUCTION CO., INC., Respondent, v ESICORP, INC. (as Successor to EBASCO CONSTRUCTORS, INC.), et al., Appellants. (Appeal No. 1.) [697 NYS2d 536] —Appeal unanimously dismissed without costs (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988; see also, Chase Manhattan Bank v Roberts & Roberts, 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Scudder and Callahan, JJ.

■ WILTSIE CONSTRUCTION CO., INC., Respondent, v ESICORP, INC. (as Successor to EBASCO CONSTRUCTORS, INC.), et al., Appellants. (Appeal No. 2.) [696 NYS2d 923] —Appeal unanimously dismissed without costs (see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc., 147 AD2d 977). (Appeal

from Order of Supreme Court, Oswego County, Nicholson, J.—Contract.) Present—Pine, J. P., Wisner, Scudder and Callahan, JJ.

■ STATE OF NEW YORK, Respondent, v COUNTY OF ERIE, Appellant. [695 NYS2d 815] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's motion for partial summary judgment on liability and denied defendant's cross motion for a scheduling order. Plaintiff commenced this action pursuant to Vehicle and Traffic Law § 385 (2) seeking to recover for the damage caused by defendant's flatbed truck when it struck the underside of a New York State bridge over Route 219 in Orchard Park. Section 385 (2) provides in relevant part that "[a]ny damage to * * * bridges * * * resulting from the use of a vehicle exceeding [13] feet in height where such excess height is the proximate cause of the accident shall be compensated for by the owner and operator of such vehicle." Plaintiff met its initial burden of establishing entitlement to partial summary judgment as a matter of law, and defendant failed to raise an issue of fact. Although defendant contends that the motion is premature (see, CPLR 3212 [f]), it failed to demonstrate that discovery would give rise to an identifiable issue of fact (see, Gardner v Honda Motor Co., 214 AD2d 1024, 1025). Furthermore, the action has been pending for more than two years, and defendant offers no explanation for its failure to investigate and ascertain the facts (see, Rivera v Our Lady of Knox R. C. Church, 197 AD2d 764, 765). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALE MADDOX, Appellant. [696 NYS2d 603] —Judgment unanimously affirmed. Memorandum: Pursuant to a remittitur order of this Court, Supreme Court conducted a hearing to determine the contents of notes taken by a police officer who participated in a "buy and bust" operation but who did not testify at trial and to determine whether those notes were lost, destroyed or still in the possession of the People (People v Maddox, 256 AD2d 1066). That officer was the sole witness at the hearing and testified that he made no notes. The court, crediting the officer's testimony, determined that there were no notes, and thus no Rosario violation. There is no basis for this Court to disturb that determination (see, People v Prochilo, 41 NY2d 759, 761). (Resubmission of Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Callahan and Balio, JJ.